IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZACHARY DON GILLASPIE          §
(TDCJ No. 2055943),            §
                              §
          Petitioner,          §
                              §
V.                             §          No. 3:17-cv-160-G-BN
                              §
LORIE DAVIS, Director          §
Texas Department of Criminal Justice §
Correctional Institutions Division,  §
                              §
          Respondent.          §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Zachary Don Gillaspie, a Texas inmate, whose *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, challenging prison-disciplinary proceedings, is before this Court, now moves for injunctive relief, requesting an immediate award of 135 days of "compensatory 'bonus time'" as credit towards his sentence. Dkt. No. 26. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. For the reasons explained below, the Court should deny Gillaspie's motion.

## Legal Standards and Analysis

Because Gillaspie is requesting immediate injunctive relief, the undersigned interprets his motion as requesting a preliminary injunction – "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear

showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Or, as the Supreme Court of United States recently put the standard, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Here, Gillaspie fails to present evidence establishing that he is entitled to a preliminary injunction. The current motion appears to be based on his previous motion for promissory estoppel. *See* Dkt. No. 23. Contrary to Gillaspie's belief otherwise, the Court did not grant the substance of that motion but only granted the motion "to the extent that Petitioner has filed a response to the supplemental answer, as authorized by the Court's May 25, 2017 order, *see* Dkt. No. 22." Dkt. No. 25 at 1; *see* Dkt. No. 23

at 1 ("This is m[y] response to the motion recd. June 1ˢᵗ, 2017/served May 25ᵗʰ, 2017.").

Gillaspie also has not carried his burden as to the third and fourth elements. As a federal district court in this state has explained in a similar context,

> [a]ny injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Respondent and the public interest both. *See* 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); *see also Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted). Petitioner does not show that his threatened injury outweighs the former, or that the injunction will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a preliminary injunction.

*Shields v. Thaler*, C.A. No. C-12-319, 2013 WL 620378, at *3 (S.D. Tex. Jan. 25, 2013).

## Recommendation

The Court should deny without prejudice the construed motion for preliminary injunction [Dkt. No. 26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE