IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY DON GILLASPIE (TDCJ No. 2055943), | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:17-cv-160-G-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Zachary Don Gillaspie, a Texas inmate, whose *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging prison-disciplinary proceedings, is before this Court, now moves for entry of default and default judgment, *see* Dkt. Nos. 32 & 33, despite Respondent's filing an answer (and supplemental answer) to his habeas petition, *see* Dkt. Nos. 14 & 20. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for default judgment.

**Legal Standards and Analysis**

"Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief."

*Northrup v. Thaler*, C.A. No. C-10-085, 2010 WL 2720655, at *1 (S.D. Tex. June 23, 2010) (citing *Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (which in part relied on *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner[ should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large." (citations omitted))); citations omitted), *rec. adopted*, 2010 WL 2720658 (S.D. Tex. July 8, 2010); *see also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517-18 (N.D. Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for granting the writ"); collecting other authority)).

Even if default judgment was an appropriate option, that option would not apply in this case. Because here, like in *Northrup*, Respondent timely filed her answer in compliance with a court order extending the deadline to file that answer.

## Recommendation

The Court should deny the motion for default judgment [Dkt. No. 32].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE