IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY DON GILLASPIE (TDCJ No. 2055943), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-160-G-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Zachary Don Gillaspie, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 solely challenging two TDCJ disciplinary proceedings. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The State filed a response opposing relief. *See* Dkt. Nos. 14 & 20. And Gillaspie filed a reply brief. *See* Dkt. No. 17. For the reasons and to the extent explained below, the Court should deny the habeas petition and any pending motions.

**Applicable Background**

Gillaspie is in TDCJ custody under 2013 convictions in Johnson County, Texas for theft of $1,500-$20,000 from an elder and for tampering with evidence. *See State v. Gillaspie*, No. F46910 (413th Crim. Dist. Ct., Johnson Cty., Tex.). He does not

challenge those convictions but instead challenges two 2016 disciplinary proceedings that occurred at TDCJ's Hutchins State Jail, in the Dallas Division of this district, where Gillaspie was still incarcerated when he filed this action. Jurisdiction is therefore proper here. *See Morris v. Stephens*, 588 F. App'x 148, 150 (5th Cir. 2015) (per curiam) (28 U.S.C. § 2241(d) "governs § 2254 applications challenging both convictions and disciplinary proceedings. Thus, jurisdiction for claims challenging disciplinary proceedings is premised on the place of custody" – the district and "division in which [the petitioner] filed [the] § 2254 petition," which may not be where the disciplinary proceedings occurred. (citations omitted)).

In the first proceeding, number 20170043323, Gillaspie was charged with threatening to inflict harm on an officer, and, after a hearing, he was found guilty, and, as punishment, he (1) lost 45 days of recreational privileges; (2) lost 45 days of commissary privileges; (3) lost 45 days of telephone privileges; (4) received a temporary visitation restriction; and (5) was reduced in line class. *See* Dkt. No. 14-1 at 4-8, 13-18.

In the second, number 20170085802, he was charged with creating a disturbance and refusing or failing to obey orders, and, after a hearing, the failing-to-obey-orders charge was dismissed, but Gillaspie was found guilty of the disturbance charge, and, as punishment, he (1) lost 45 days of recreational privileges; (2) lost 45 days of telephone privileges; (3) received a verbal reprimand; (4) received a temporary visitation restriction; and (5) lost 15 days of good time credit. *See* Dkt. No. 14-1 at 9-12, 19-25; Dkt. No. 20-1. That conviction, however, "was overturned and deleted from TDCJ records. [And a]ll punishment resulting from [this] disciplinary proceeding [was]

restored, including 15 days good time." Dkt. No. 20-1 at 9.

## Legal Standards and Analysis

In most instances, for state prisoners, a civil rights suit under 42 U.S.C. § 1983 is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).

But, while "[t]he distinction is blurry ... when ... a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the United States Court of Appeals for the Fifth Circuit has "adopted a simple, bright-line rule for resolving such questions. If 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Id.* at 820-21 (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)); *but see Poree v. Collins*, 866 F.3d 235, 243-44 & n.28 (5th Cir. 2017) ("While 'fact or duration' claims must be brought under habeas, the [United States] Supreme Court has not foreclosed the use of habeas for other kinds of claims. Some circuit courts, however, have limited habeas corpus to claims that challenge the fact or duration of confinement. Others have not. Our own Circuit has been less clear, but we need not weigh in on that broader question today." (footnotes omitted)).

"To establish a due process violation, a prisoner must show that he was deprived

of a liberty interest protected by the Constitution or other law," *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)) – such as "a liberty interest in good-time credits," *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) ("When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements." (quoting *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (citing, in turn, *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 454 (1985)); internal quotation marks omitted)).

And "[n]ot every punishment for prison misconduct implicates a protected liberty interest." *Jacques*, 632 F. App'x at 225 (citing *Sandin*, 515 U.S. at 485-87). For example, neither "the temporary loss of commissary" nor the temporary loss of "visitation privileges" would "support a due process claim." *Id.* (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)); *see also, e.g., Brown v. Ask-Carlson*, No. 1:13-CV-03298, 2015 WL 52308, at *3 (W.D. La. Jan. 2, 2015) ("An inmate has a liberty interest in good time credits, *Sandin*, 515 U.S. at 477-78, but does not have a liberty interest in privileges, *Sandin*, 515 U.S. at 481, such as visitation and telephone. Loss of privileges does not implicate due process concerns. A temporary loss of privileges does not pose atypical or significant hardships beyond the ordinary incidents of prison life." (citing *Malchi*, 211 F.3d at 958; *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997); *Payne v. Dretke*, 80 F. App'x 314, 315 (5th Cir. 2003) (per curiam) (citing, in turn, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)))).

Here, the disciplinary-proceeding conviction that resulted in Gillaspie's loss of good-time credit was overturned. Dkt. No. 20-1. And the remaining punishments he received amount only to temporary deprivations of privileges, thus Gillaspie is not here challenging "prison disciplinary proceedings and procedures" that "resulted in penalties that would extend the duration of his sentence." *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam).

"A broad attack on the prison's alleged use of illegal administrative procedures that will not result in the prisoner's accelerated release must [ ] be made in a civil rights complaint." *Id.* (citing *Cook*, 37 F.3d at 168, and affirming "the district court's dismissal without prejudice and its determination that Lineberry is required to assert this claim in a civil rights action"); *see also Payne*, 80 F. App'x at 315 ("Payne alleged that his constitutional rights had been violated in connection with a prison disciplinary proceeding which had resulted in 30 days of commissary and recreation restrictions being imposed upon Payne. Payne did not attack his underlying criminal conviction and he did not seek either to be released from confinement or an order that the duration of his prison sentence be shortened. He apparently sought only an order overturning the disciplinary conviction. Because a favorable determination of Payne's claims would not automatically entitle him to accelerated release, the appropriate vehicle for his claims was a civil rights action." (citations omitted)).

For these reasons, the Court should deny the habeas petition without prejudice to Gillaspie's asserting his claims in a separate action under Section 1983.

## Recommendation

The Court should deny the habeas petition without prejudice to Petitioner Zachary Don Gillaspie's asserting the claims made therein in an action under 42 U.S.C. § 1983 and deny any pending motions as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE